UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA HONOR BOWE, as the Administrator of the Estate of MARCUS ANTONIO WILLIAMS, SR., Deceased,<br><br>    Plaintiffs,<br>v.<br><br>WEXFORD HEALTH SOURCES, INC.; DR. MANUEL POUPARINAS; NURSE DOE #1; NURSE DOE #2; and THE ALABAMA DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | CASE NO.:<br><br>JURY DEMANDED |

## COMPLAINT

**COMES NOW,** the Plaintiff, Yolanda Honor Bowe, as Administrator of the Estate of Marcus Antonio Williams, Sr., and files this Complaint against the above-named Defendants. In support thereof, Plaintiff respectfully states as follows:

### I.    INTRODUCTION

1. This case arises from the preventable and unnecessary death of Marcus Antonio Williams, Sr., a man who suffered from chronic asthma, diabetes, and hypertension, and who died while incarcerated at Ventress Correctional Facility due to the deliberate indifference and neglect of the Defendants entrusted with his care.

2. Mr. Williams had long been diagnosed with chronic asthma since approximately 2008-2009. His condition required continuous access to an inhaler, without which he could not

breathe normally or function. He was so reliant on this device that he carried it with him 24 hours a day, including while sleeping.

3. Despite his known medical history and the clear severity of his condition, Mr. Williams was routinely denied his essential medications by medical personnel at Ventress. This denial persisted even after complaints from Mr. Williams himself, and after outside family members contacted the facility to advocate on his behalf.

4. On the day of his final medical emergency, Mr. Williams was taken to the infirmary by another inmate using a wheelchair. The inmate reported that Mr. Williams was sweating profusely and in obvious respiratory distress. Despite this clear indication of an asthma attack, and his well-documented medical history, Mr. Williams was not provided adequate emergency medical treatment and died shortly thereafter.

5. Mr. Williams was serving time on a drug trafficking charge. He was not sentenced to death. Yet due to the deliberate indifference of Wexford Health Sources, Inc., its contracted medical personnel, the Alabama Department of Corrections, and their agents and employees, he was denied the medical care he needed and died a slow and preventable death.

6. This action seeks accountability for the constitutional and statutory violations that led to Mr. Williams's death and to ensure that similar tragedies do not continue to occur unchecked in Alabama correctional facilities.

## II.     THE PARTIES

7. Plaintiff Yolanda Honor Bowe is an adult resident of Alabama and the duly appointed Administrator of the Estate of Marcus Antonio Williams, Sr., Deceased.

8. Marcus Antonio Williams, Sr. was at all relevant times an inmate in the custody of the Alabama Department of Corrections and housed at Ventress Correctional Facility in Clayton, Alabama.

9. Defendant Wexford Health Sources, Inc. ("Wexford") is a corporation organized and existing under the laws of the State of Pennsylvania and was, at all relevant times, contracted to provide medical care to inmates housed in Alabama Department of Corrections facilities, including Ventress Correctional Facility.

10. Defendant Dr. Manuel Pouparinas was at all relevant times employed by or contracted through Wexford to provide medical care to inmates at Ventress Correctional Facility and is sued in his individual capacity.

11. Defendant Nurse Doe #1 was at all relevant times employed by or contracted through Wexford to provide nursing services at Ventress Correctional Facility. She is sued in her individual capacity. Her identity is currently unknown.

12. Defendant Nurse Doe #2 was at all relevant times employed by or contracted through Wexford to provide nursing services at Ventress Correctional Facility. She is sued in her individual capacity. Her identity is currently unknown.

13. Defendant Alabama Department of Corrections ("ADOC") is an agency of the State of Alabama responsible for the custody and care of individuals incarcerated in state correctional institutions, including the hiring and oversight of private contractors such as Wexford to provide healthcare services to inmates.

### III.    JURISDICTION AND VENUE

14. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the Constitution of the United States, including but not limited to the Eighth and Fourteenth Amendments.

15. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

16. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred at Ventress Correctional Facility, located within this District.

## IV.    STATEMENT OF FACTS

18. Marcus Antonio Williams, Sr. was diagnosed with chronic asthma between 2008 and 2009, a serious medical condition requiring continuous access to medication, including an albuterol inhaler.

19. Prior to his incarceration, Mr. Williams received disability benefits based on the severity of his chronic asthma.

20. During his incarceration at Ventress Correctional Facility, Mr. Williams also suffered from diabetes and hypertension, for which he was prescribed medications.

21. Mr. Williams frequently complained about the failure of Wexford staff and ADOC officials to provide his prescribed asthma, blood pressure, and diabetic medications in a timely and consistent manner.

22. On multiple occasions, Mr. Williams ran out of his prescribed medications and was denied timely refills by prison medical staff.

23. Concerned for his safety, family members of Mr. Williams called the prison to inquire whether he was receiving his medications. They were either denied information under the guise of HIPAA or referred without assistance to other departments.

24. Mr. Williams himself made complaints to staff about delays in receiving medication and medical treatment. These complaints were ignored or only temporarily resolved, with conditions soon reverting to neglect.

25. On or about April 26, 2023, Mr. Williams experienced a severe asthma attack. Another inmate found him sweating profusely and in visible respiratory distress and took him to the infirmary using a wheelchair.

26. The inmate informed the nurse on duty that Mr. Williams was having an asthma attack and needed urgent care.

27. Despite his symptoms and obvious need for emergency treatment, Mr. Williams was not timely seen by a physician or provided appropriate life-saving care.

28. Mr. Williams was left in the infirmary without adequate intervention and died shortly thereafter.

29. Defendants failed to ensure that Mr. Williams had consistent access to medications necessary to control his chronic and serious medical conditions.

30. Defendants failed to respond appropriately to the clear signs of a medical emergency and failed to provide life-saving care in violation of Mr. Williams's constitutional rights.

## V.    CAUSES OF ACTION

**Count I – Violation of Eighth and Fourteenth Amendments 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs**

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. At all relevant times, Defendants acted under color of state law and in their official and individual capacities.

5

33. Defendants Wexford, Dr. Pouparinas, Nurse Doe #1, and Nurse Doe #2 exhibited deliberate indifference to Mr. Williams's serious medical needs by failing to ensure that he received adequate asthma, diabetic, and blood pressure medications, and by failing to respond appropriately to his medical emergency on the day of his death.

34. These Defendants were aware of Mr. Williams's medical history, complaints, and visible medical distress, yet failed to take timely and appropriate medical action.

35. Defendant ADOC failed in its duty to ensure that inmates at Ventress received constitutionally adequate medical care and failed to intervene in systemic medical deficiencies and policy failures.

36. As a direct and proximate result of Defendants' deliberate indifference, Mr. Williams suffered unnecessary pain, distress, and ultimately death, in violation of the Eighth and Fourteenth Amendments.

### Count II – State Law Negligence and Wantonness

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. Defendants owed Mr. Williams a duty of care to provide him with timely, adequate, and appropriate medical treatment for his known and serious conditions.

39. Defendants breached that duty by failing to provide required medications, failing to respond to clear medical emergencies, and by failing to implement or follow reasonable standards of care for inmates with chronic conditions.

40. Defendants acted with negligence, gross negligence, and/or wanton disregard for Mr. Williams's health and safety.

41. As a result of Defendants' breach of their duties, Mr. Williams experienced pain, suffering, and death.

6

### Count III – Wrongful Death (Ala. Code § 6-5-410)

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Mr. Williams's death was caused by the wrongful acts, omissions, negligence, and wanton conduct of Defendants, including their failure to provide constitutionally adequate medical care and timely emergency response.

44. Pursuant to Ala. Code § 6-5-410, Plaintiff, as Administrator of Mr. Williams's Estate, brings this action for wrongful death and seeks punitive damages to punish Defendants and to deter similar future conduct.

### Count IV – Supervisory Liability (42 U.S.C. § 1983)

45. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

46. Defendants Wexford and ADOC maintained policies, customs, or practices of delayed treatment, denial of medications, and failure to intervene in emergent medical conditions that led to Mr. Williams's death.

47. Defendants failed to train and supervise medical and correctional personnel in handling medical emergencies and in ensuring chronic care compliance.

48. These supervisory failures amounted to deliberate indifference and were a moving force behind the constitutional violations suffered by Mr. Williams.

### Count V – Municipal and Institutional Liability (Monell-Type Claim)

49. Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if fully set forth herein.

50. Defendant Wexford, under contract with ADOC, implemented policies and practices that prioritized cost-savings over medical necessity, creating an unconstitutional environment of inadequate healthcare.

51. Defendant ADOC allowed and enabled Wexford's deliberate indifference to persist through lack of oversight and failure to intervene.

52. These policies and practices were so widespread and pervasive that they constitute the standard operating procedures of Wexford and ADOC.

53. The deliberate indifference resulting from these policies directly caused Mr. Williams's death.

**Count VI – Violation of Eighth and Fourteenth Amendments**
42 U.S.C. § 1983 – Failure to Provide Adequate Chronic Disease Management and Medication Continuity

54. Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if fully set forth herein.

55. At all relevant times, Mr. Williams suffered from chronic asthma, diabetes, and hypertension — conditions that require continuous disease management, access to prescription medications, and monitoring to prevent foreseeable complications and death.

56. Defendants Wexford, Dr. Pouparinas, Nurse Doe #1, and Nurse Doe #2, acting under color of state law and pursuant to an ongoing policy and/or custom, failed to maintain a system of chronic disease management that ensured continuity of medication and treatment for inmates with known, life-threatening chronic illnesses.

57. ADOC permitted, endorsed, and maintained a constitutionally inadequate medical delivery system that regularly resulted in lapses in medication access, failure to monitor inmates with chronic conditions, and delays in providing refills or appointments — including for inmates like Mr. Williams.

58. This failure to implement and enforce basic chronic disease protocols — such as maintaining updated prescriptions, confirming medication adherence, or providing routine evaluations — constitutes deliberate indifference to a known and substantial risk of serious harm.

59. As a direct and proximate result of Defendants' policies, practices, and omissions, Mr. Williams experienced prolonged suffering and died as a result of unmanaged asthma exacerbation, a preventable outcome if appropriate chronic disease management had been in place.

**Count VII – Violation of Eighth and Fourteenth Amendments**
42 U.S.C. § 1983 – Policy and Custom of Denial of Medication Access as a Cost-Saving Measure

60. Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if fully set forth herein.

61. Defendant Wexford Health Sources, Inc., as a matter of widespread custom, maintained a policy of rationing or delaying the administration of necessary medications, particularly those that were expensive or required long-term use, including asthma inhalers and insulin.

62. Defendant ADOC was aware of this policy and failed to intervene or provide oversight, instead encouraging a culture of indifference where cost-saving and operational ease were prioritized over constitutionally mandated medical treatment.

63. The de facto policy of medication denial — either by outright refusal, delay, or "running out" of necessary medications — was applied to Mr. Williams repeatedly and foreseeably resulted in deteriorating health and death.

64. These policies violate clearly established constitutional rights under the Eighth and Fourteenth Amendments and proximately caused Mr. Williams's suffering and death.

**Count VIII – State Law Claim: Negligent Training, Hiring, and Supervision**

65. Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if fully set forth herein.

66. Defendant Wexford Health Sources, Inc., and the Alabama Department of Corrections owed a duty to the inmates under their care, including Mr. Williams, to employ, train, and supervise medical staff capable of providing consistent and appropriate management of chronic medical conditions.

67. Wexford and ADOC breached that duty by:

 a. Hiring unqualified or undertrained personnel to manage chronic illness;

 b. Failing to train nurses and doctors in basic chronic disease response protocols; and

 c. Failing to supervise and evaluate whether critical medications were timely and properly administered.

68. This failure in training and supervision was the proximate cause of Mr. Williams's preventable asthma-related death and constitutes actionable negligence under Alabama law.

**Count IX – Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12132**

69. Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if fully set forth herein.

70. Mr. Williams was a qualified individual with disabilities, including chronic asthma and diabetes, which substantially limited major life activities such as breathing and endocrine function.

71. Defendant Alabama Department of Corrections is a public entity subject to Title II of the Americans with Disabilities Act.

72. By failing to accommodate Mr. Williams's medical disabilities through provision of necessary medication, emergency access, or effective chronic care protocols, Defendant ADOC discriminated against him on the basis of his disability.

73. The denial of accommodation was knowing, deliberate, and resulted in the deterioration of his health and his untimely death.

**Count X – Violation of Section 504 of the Rehabilitation Act 29 U.S.C. § 794**

74. Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if fully set forth herein.

75. At all times relevant, Mr. Williams was a qualified individual with a disability as defined by the Rehabilitation Act.

76. Defendant ADOC receives federal financial assistance and is subject to the requirements of Section 504.

77. Defendant ADOC discriminated against Mr. Williams by failing to provide reasonable accommodations for his chronic conditions, including ensuring consistent access to medication and emergency care, thereby denying him the benefit of health care services provided to others.

78. This discrimination on the basis of disability was a proximate cause of Mr. Williams's suffering and death and is actionable under 29 U.S.C. § 794.

### VII.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against all Defendants;

B. Award compensatory and punitive damages in an amount to be determined by a jury;

C. Award costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988;

D. Grant such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*Respectfully* submitted this the 25th day of April, 2025,

/s/ *Johnathan F. Austin*
Johnathan F. Austin
Attorney for Plaintiff

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES:**

**WEXFORD HEALTH SOURCES, INC.**
Attn: PRENTICE HALL CORPORATION SYSTEM INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

**DR. MANUEL POUPARINAS**
79 AL-239, Clayton, AL 36016

**NURSE DOE #1**
79 AL-239, Clayton, AL 36016

**NURSE DOE #2**
79 AL-239, Clayton, AL 36016

**ALABAMA DEPARTMENT OF CORRECTIONS**
P.O. Box 301501
Montgomery, Alabama 36130-1501

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 300152
Montgomery, AL 36130-0152

**DR. HUGH HOOD - Regional Medical Director for Wexford**
Attn: PRENTICE HALL CORPORATION SYSTEM INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104